EDWARD SIPIORA, Plaintiff-Appellant, v. THE DEPARTMENT OF PUBLIC AID *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—86—3401

Opinion filed November 29, 1989.

Barry J. Novak, Martin Z. Craig, and Paul A. Grabowski, all of Hayt, Hayt & Landau, of Evanston, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Karen Konieczny, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff-appellant, Edward Sipiora (Sipiora), appeals from an order of the circuit court of Cook County which affirmed the decision of the Illinois Department of Public Aid (IDPA) denying Sipiora's application for medical assistance. We reverse and remand.

On September 28, 1984, Sipiora applied for medical assistance under the IDPA's aged, blind and disabled medical assistance program (AABD-MANG). Sipiora was hospitalized at St. Francis Hospital in Evanston from January 1984 until his death on January 1, 1985. Sipiora's application requested that his eligibility for medical benefits in June, July, August and September of 1984 be determined. Sipiora's application was denied by the county on November 14, 1984, for failure to timely submit verification of eligibility. Sipiora appealed, and following a hearing, IDPA reversed the denial of benefits and reopened the application because it found that Sipiora was unable to act on his own behalf, and others seeking to assist him were not afforded a reasonable opportunity to obtain the verification needed to establish eligibility. During the hearing, Sipiora's representatives provided the hearing officer with financial documents. Among the documents were bank statements for the months of September through December 1984. The bank statements revealed that Sipiora's bank account balance was $4,308.01 in September, $3,678.60 in October, $2,894.61 in November and $2,311.25 in December, which included a $1,155.55 deposit made that month.

When the county caseworker who originally evaluated Sipiora's application received the order to reopen the case, she used the bank statement information for September through December 1984 obtained during the previous hearing and on February 7, 1985, again denied Sipiora's application, this time finding that his assets exceeded the allowable limit of $2,250 for an individual applicant with a household of two individuals.

Sipiora appealed the second denial of his application for medical assistance, and another hearing was conducted. At the hearing held in April of 1985, Sipiora's wife Lucille testified that she was never advised by IDPA that her husband's assets could be reduced in order to qualify for assistance. She further testified that their current assets were approximately $500 to $600 and that her husband's current hospital bill, after Medicare payments, was $323,087.33, an amount she would be unable to pay even if she liquidated all of her assets. The

caseworker testified that Sipiora's attorney was advised of IDPA's asset reduction policy. In its final administrative decision, IDPA affirmed the county's denial of benefits because Sipiora's bank statement balance exceeded the allowed asset disregard amount on the date that eligibility was determined. Sipiora sought administrative review, and the circuit court affirmed IDPA's denial of medical assistance. This appeal followed.

On appeal, Sipiora argues that IDPA's determination that his assets exceeded the allowed amount is against the manifest weight of the evidence because it is unsupported by the record. He further argues that the decision is contrary to law because assets were not distinguished from income in reaching the determination and IDPA failed to inform him of his right to reduce his assets in order to qualify for benefits. Sipiora requests that (1) this matter be remanded to IDPA for a redetermination of his eligibility as if he had reduced his assets in the month he applied for benefits; (2) the court find that IDPA's policy of prohibiting resource spend-down is contrary to law; and (3) IDPA be required to approve his application with appropriate backdating. IDPA agrees that the administrative decision denying benefits should be reversed and the matter remanded for redetermination of eligibility as if Sipiora had reduced his assets. However, IDPA requests that they be allowed to determine whether or not eligibility for medical assistance can be backdated for the months of June, July and August of 1984.

IDPA's administrative procedures for determining eligibility for medical assistance benefits have been challenged in numerous cases. In *Brengola-Sorrentino v. Department of Public Aid* (1984), 129 Ill. App. 3d 566, 472 N.E.2d 877, this court held that IDPA's failure to advise applicants for medical assistance who have excess assets that they have the option to reduce their assets to the appropriate level to ensure their eligibility for benefits was a violation of the applicants' due process rights. (129 Ill. App. 3d at 572.) More recently, the Illinois Supreme Court in *Hession v. Illinois Department of Public Aid* (1989), 129 Ill. 2d 535, held that IDPA must consider the amount of an applicant's incurred medical expenses as well as his or her assets when determining eligibility for medical assistance.

■ Application of *Hession* and *Brengola-Sorrentino* to the facts of the present case leads us to conclude that Sipiora's application for medical assistance was improperly denied. In September 1984 when Sipiora initially applied for medicaid benefits, his bank account balance was $4,308.01, which was $2,058.01 over the applicable asset disregard level of $2,250. The county caseworker should have informed

Sipiora or his family of his right to reduce his assets to the appropriate level by making an allowable expenditure, such as payment for a portion of his hospital bill. During the second administrative hearing, the caseworker testified that she did not inform Sipiora of the IDPA's asset reduction policy because she did not have an opportunity to communicate with him. However, she testified that she informed his attorney of the policy at the January 1985 fair hearing. This problem could have been remedied by the inclusion of a simple explanation of the policy with the application form. IDPA's failure to inform the Sipioras in September 1984 when they made their initial application for benefits effectively prevented them from fully utilizing the asset reduction policy. Accordingly, we find that IDPA's failure to inform Sipiora of its asset reduction policy at the time of his initial application resulted in the improper denial of his medical benefits.

■■ In addition, at the time of his initial application, Sipiora had incurred at least $90,000 in medical bills. To the extent that Sipiora's cash assets exceeded the asset disregard level, the caseworker should have considered his incurred hospital expenses when determining his eligibility for medical benefits. Therefore, Sipiora is entitled to receive medical benefits once his incurred medical expenses exceed his excess assets (above the disregard level) on the date that eligibility is determined. This resource spend down analysis would also apply to any eligibility determination for the months of October, November and December, as well as the backdated application period of June, July and August 1984, when Sipiora's bank account balance exceeded the asset disregard level. Because of our resolution of these issues, we find it unnecessary to address the other issues raised on appeal.

Accordingly, the trial court's order affirming IDPA's decision is reversed, IDPA's determination of ineligibility is vacated, and this cause is remanded for a redetermination of Sipiora's eligibility for medical benefits in a manner consistent with this opinion.

Reversed and remanded with directions.

FREEMAN, P.J., and McNAMARA,* J., concur.

---

*Justice McNamara participated in this opinion prior to his assignment to the sixth division.